William (Bill) DAVIS, Appellant,

v.

YOUNG CALIFORNIAN SHOES, INC., Appellee.

No. 20489.

Court of Civil Appeals of Texas, Dallas.

Feb. 24, 1981.

Greg Gutman, Palmer, Palmer, Coffee & Bush, Dallas, for appellant.

Stewart Rabinowitz, Ungerman, Hill, Ungerman, Angrist, Dolginoff, Teofan & Vickers, Dallas, for appellee.

Before CARVER, STOREY and STEPHENS, JJ.

STOREY, Justice.

Young Californian Shoes sued Bill Davis and his wife Connie Davis "jointly and severally and as copartners, d/b/a/ K L & K Shoe Tree," on a sworn account under Tex.R.Civ.P. 185. Bill Davis answered, denying liability individually as required by rule 185. He claimed inability to deny the partnership's liability on the account, but denied that he was a partner in K L & K, claiming that it was solely his wife's enterprise. An affidavit was attached to his denial, asserting that the defensive allegations were "true and correct to the best of his knowledge." At trial before the court, plaintiff offered no evidence but instead relied solely on its rule 185 pleading. Judgment was rendered in favor of Young Californian Shoes and against Bill Davis and Connie Davis, "jointly and severally, and as copartners, d/b/a/ K L & K Shoe Tree," solely on plaintiff's rule 185 pleading. Only Bill Davis appeals, asserting that his defenses required a trial of disputed issues. We do not agree, and consequently affirm.

Absent a sworn denial claiming that some or all of the items sued upon are not just or true, a plaintiff, properly pleading an account under rule 185, is entitled to judgment on its prima facie case. An exception to this rule lies in the sworn denial of partnership or capacity to be sued under Tex.R.Civ.P. 93(c) and 93(f), which, if in proper form, denies a plaintiff the procedural remedy afforded by rule 185 with respect to these issues. *Juarez v. Dunn*, 567 S.W.2d 223 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.); *Booher v. Criswell*, 531 S.W.2d 844 (Tex.Civ.App.—Dallas 1975, no writ). Here, Davis denied the account as well as partnership liability. However, each of these defenses must be denied under oath, and Davis' verification of his pleas as "true and correct to the best of his knowledge" is in the nature of one made upon information and belief, and its affirmations of fact are not, therefore, so direct and unequivocal as to subject the affiant to perjury if untrue. *Burke v. Satterfield*, 525 S.W.2d 950, 955 (Tex.1975). The verification is, therefore, insufficient.

Davis contends, nevertheless, that because plaintiff failed to point out the defective verification by written exception, the defect is waived, citing Tex.R.Civ.P. 90. Plaintiff, on the other hand, points out that it cannot be deemed to have waived the defect in pleading under rule 90, because it is not the party seeking reversal. We agree with plaintiff's contention. We are not here concerned with a pleading defect deemed to have been waived by the party seeking reversal, as contemplated by rule 90. It is Davis who seeks reversal, and not plaintiff, the party assertedly waiving the defect. By the express terms of rule 90, therefore, no waiver can have occurred. *Ramsey v. Cook*, 231 S.W.2d 734 (Tex.Civ. App.—Fort Worth 1950, no writ). In consequence, the defensive pleadings were properly disregarded as a nullity, as improperly verified as required by Tex.R.Civ.P. 93(f); *Sims v. Hill*, 567 S.W.2d 912 (Tex.Civ.App. —Houston [14th Dist.] 1978, no writ). *See Ashcraft v. Stephens*, 16 Tex.Civ.App. 341, 40 S.W. 1036, 1038 (1897, writ dism'd).

Accordingly, appellee's motion for rehearing is granted, our opinion dated January 27, 1981, is withdrawn and this opinion is

substituted. The trial court's judgment is affirmed and costs are taxed to appellant.