## IN the INTEREST OF A.G. and A.F.G., Children

### NO. 14-16-00341-CV

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed September 12, 2017

---

Sean R. Josephson, Katy, TX, for Appellee.

George M. Bishop, Chappell Hill, TX, for Appellant.

Panel consists of Justices Boyce, Jamison, and Brown.

## OPINION

Martha Hill Jamison, Justice

Appellant Jaime Guevara appeals from the trial court's modification order in a suit affecting the parent-child relationship. In the order, the trial court granted appellee Betty Rodriguez's motion for modification, thereby requiring Guevara's visitation with his minor children to be supervised by a third party, and denied Guevara's motion for enforcement against Rodriguez. In two issues, Guevara contends that the trial court erred in ordering supervised visitation and denying the motion to enforce. We affirm.

### Background

Guevara and Rodriguez were divorced in 2006 in Austin County, Texas. They have two male children together: A.F.G., age 12 at the time of trial in the present case, and A.G., age 14 at the time of trial. Under the 2006 divorce decree, Rodriguez had primary custody of the children and Guevara had a standard possession order. In 2014, Guevara filed a motion to modify in Austin County, seeking primary custody of A.G. After a hearing, the Austin County court entered temporary orders awarding Guevara primary custody of A.G. The case was subsequently transferred to a Harris County family district court because the children had been living in Harris County for more than six months prior to the filing of the modification.

In March 2015, the parties entered into a Rule 11 agreement, pursuant to which,

A.G. returned to live with Rodriguez as his primary residence and Guevara again had a standard possession order pending further order of the court.[1] However, in his first amended petition, Guevara reiterated his request for primary custody of A.G. In her second amended counter-petition, Rodriguez requested that Guevara be denied access to the children, or in the alternative, that his visitation be supervised by a third party because of the danger he posed to the children's physical and emotional well-being.[2] In November 2015, Guevara filed a motion for contempt, alleging Rodriguez had been preventing his visitation with the children pursuant to the Rule 11 agreement. Guevara thereafter filed a Supplemental Motion for Enforcement regarding the same allegations.[3]

The case was tried to the court on March 7 and 8, 2016. As will be discussed in more detail below, Rodriguez testified that revelations from the children regarding their visitations with Guevara caused her to conclude that the visits needed to be supervised by a third party. Most importantly, Rodriguez indicated that Guevara had beaten A.G. on several occasions. In his testimony, Guevara denied having ever struck either child, except for a few spankings when they were younger. Other witnesses called by Guevara testified to his positive involvement in their lives. A licensed professional counselor called by Rodriguez testified that she made a written report to Child Protective Services concerning things she learned from the children in counseling sessions. Guevara testified that Rodriguez had prevented his court-ordered visitation with the children multiple times. The trial judge also conferred with the children in chambers after the trial.[4]

At the conclusion of the trial, the judge granted Rodriguez judgment as to Guevara's Motion for Contempt and Supplemental Motion for Enforcement. In making his ruling, the judge specifically questioned whether Guevara's motions for enforcement contained the information required under Texas Family Code section 157.002, including the provisions of the decree allegedly violated, the manner of noncompliance, and the date, place, and time of each alleged failure to comply. Tex. Fam. Code § 157.002(a), (c). In the final order, the trial judge, among other things, granted Rodriguez's motion to modify the divorce decree and ordered that Guevara's future visitation with the children be supervised by a third party. No findings of fact or conclusions of law were requested or entered.

### Supervised Visitation

■ In his first issue, Guevara contends that the trial court abused its discretion in modifying the divorce decree to require Guevara's visitation with his sons be supervised by a third party because the evidence is legally insufficient to support

1. The parties refer to this agreement as a "Rule 11 agreement"; however, we note that it was not filed with the clerk according to our record until December 18, 2015 and then only as an exhibit to the court's temporary orders.

2. In a prior counter-petition, Rodriguez requested similar relief based on an allegation Guevara had been attempting to alienate the children from her. This allegation was dropped in the second-amended petition in favor of the assertion that he posed a danger to the children physically and emotionally.

3. Guevara expressly withdrew his request that Rodriquez be incarcerated.

4. Guevara states in his brief that the judge made his ruling "without hearing from the children," but the court granted the motion of both parties to confer with the children and scheduled the conference on the record for March 11, 2016.

the trial court's decision. A trial court may modify the provisions of a divorce decree that provide for the possession of or access to a child if modification would be in the best interest of the child and the circumstances of the child, conservator, or other party affected by the order have materially and substantially changed since the decree's rendition. *See* Tex. Fam. Code § 156.101(a)(1). We review a trial court's decision to modify possession or access under an abuse-of-discretion standard. *In re H.D.C.*, 474 S.W.3d 758, 763 (Tex. App.—Houston [14th Dist.] 2014, no pet.). In determining these issues, the primary consideration must remain the best interests of the child. *See* Fam. Code § 153.002; *Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex. 2002). A trial court abuses its discretion when it acts arbitrarily or unreasonably or when it clearly fails to correctly analyze or apply the law. *In re S.A.H.*, 420 S.W.3d 911, 922 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Under the abuse-of-discretion standard, legal and factual sufficiency of the evidence are not independent grounds of error but are factors in assessing whether the trial court abused its discretion. *Id.* There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's exercise of discretion. *In re H.D.C.*, 474 S.W.3d at 763.

■ Because the record does not reflect that findings of fact were requested or entered, we infer that the trial court made all findings necessary to support its judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *In re P.A.C.*, 498 S.W.3d 210, 217 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Under these circumstances, we review the record to determine whether some evidence supports the judgment and the implied findings, considering only the evidence most favorable to the judgment and upholding

the judgment on any legal theory supported by the evidence. *Worford*, 801 S.W.2d at 109; *P.A.C.*, 498 S.W.3d at 217.

■ There is a rebuttable presumption that a standard possession order—which Guevara had before the trial court's modification order—is in the best interest of a child and provides reasonable minimum possession of a child for a parent named as a joint managing conservator. Tex. Fam. Code § 153.252. A trial court, however, may place conditions on a parent's access, such as supervised visitation, when it is in the child's best interest. *In re Marriage of Koenig*, No. 14-16-00319-CV, 2017 WL 2704081, at *4 (Tex. App.—Houston [14th Dist.] June 22, 2017, no pet. h.) (mem. op.); *see also In re A.L.E.*, 279 S.W.3d 424, 432 n.7 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("It is beyond question that, in an appropriate case, a trial court may order a parent's visitation to be supervised."). Restrictions or limitations placed on a parent's right of possession or access may not exceed those necessary to protect the best interests of the child. Tex. Fam. Code § 153.193.

■ One basis for visitation restrictions is evidence that a parent poses a physical danger to the child. *Id.* § 153.004(e) ("It is a rebuttable presumption that it is not in the best interest of a child for a parent to have unsupervised visitation with the child if credible evidence is presented of a history or pattern of past or present child neglect or physical or sexual abuse by that parent directed against the other parent, a spouse, or a child."); *In re K.S.*, 492 S.W.3d 419, 429 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

Here, there was at least some evidence that Guevara was a physical danger to the children, primarily Rodriguez's testimony that Guevara had beaten A.G. on several occasions. Rodriguez did not claim to have witnessed the beatings herself; she stated

that she had observed bruising on A.G. when he returned from visitation with Guevara several times in 2012, 2013, and 2014. She said that A.G. had lied about the bruising for several years, but then in 2015, the boys made revelations to her about their visitations with Guevara. Although Rodriguez did not directly state that the children told her that Guevara beat A.G., the clear implication from her testimony was that the boys' revelations concerned alleged beatings. Moreover, based on these revelations, Rodriguez said that she made a report to Child Protective Services (CPS) and concluded that any future visitation with Guevara needed to be supervised by a third party.

Rodriguez's testimony was to at least some degree supported by the testimony of the children's counselor, Amy Galpin, who stated that she made a written report to CPS regarding "concerning" things the boys told her about their visitation with Guevara. She further stated that she did not believe that the boys' relationship with Guevara could be restored without professional intervention.

Guevara criticizes Rodriguez's testimony about seeing bruises on A.G. because she acknowledged that she had not taken any photographs of the bruises. Rodriguez, however, explained that there was no reason to take photographs because A.G. had initially misled her regarding the cause of the bruising. Guevara also points to his own testimony that he had never struck either of the children, except for spankings when they were younger, but as factfinder, the trial judge was free to accept Rodriguez's testimony over that of Guevara. *See City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex. 2005); *In re K.S.,* 492 S.W.3d

419, 428 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

From the evidence presented, the trial judge reasonably could have concluded that Guevara physically harmed A.G. and posed a threat to the safety of both children. The evidence was therefore legally sufficient to support the trial court's implied finding that Guevara posed a physical danger to the children. *See* Tex. Fam. Code § 153.004(e); *Worford,* 801 S.W.2d at 109; *P.A.C.,* 498 S.W.3d at 217.

■ Guevara additionally briefly suggests that the evidence did not demonstrate a material and substantial change in circumstances occurred since rendition of the prior judgment, which, as explained above, is a prerequisite for a modification order. *See* Tex. Fam. Code § 156.101(a)(1). The determination of whether a material and substantial change has occurred is not confined by rigid guidelines but is fact-specific and may consider such things as mistreatment of the child by a parent. *In re A.L.E.,* 279 S.W.3d at 428-29. Here, the evidence discussed above indicating that Guevara began physically abusing one of the children after rendition of the decree constitutes sufficient evidence of a change in circumstances. *See id.*[5]

The evidence was legally sufficient to support the trial court's implied findings that a change of circumstances occurred and Guevara posed a physical danger to the children. Accordingly, the trial court did not abuse its discretion in ordering Guevara's visitation with the children be supervised by a third party. *See In re H.D.C.,* 474 S.W.3d at 763.

---

5. Guevara suggests that the Rule 11 agreement signed by Rodriguez's counsel after bruises allegedly began appearing on A.G. in 2013 after visitations negates any evidence of

a change in circumstances. However, nothing in the text of the agreement releases Rodriguez's claims of material and substantial change since the rendition of the 2006 order.

### Motion to Enforce

In his second issue, Guevara contends that the trial court erred in granting Rodriguez judgment on Guevara's motions for enforcement.[6] Rodriguez's motion raised concerns regarding the sufficiency of Guevara's enforcement motions, and indeed, before granting the motion for judgment, the trial judge questioned Guevara's counsel regarding whether the enforcement motion met the requirements of Texas Family Code section 157.002, subsections (a) and (c).

Section 157.002 sets forth the requirements for a motion for enforcement and provides, in relevant part, as follows:

(a)  A motion for enforcement must, in ordinary and concise language:

(1)  identify the provision of the order allegedly violated and sought to be enforced;

(2)  state the manner of the respondent's alleged noncompliance;

(3)  state the relief requested by the movant; and

(4)  contain the signature of the movant or the movant's attorney.

. . . .

(c)  A motion for enforcement of the terms and conditions of conservatorship or possession of or access to a child must include the date, place, and, if applicable, the time of each occasion of the respondent's failure to comply with the order.

Tex. Fam. Code § 157.002. The purpose of a motion for enforcement is to provide notice of the allegations for which the opposing party must prepare a defense at the hearing on the motion. *In re H.G.-J.*, 503 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

Guevara's original motion is notably brief, and although it states that the parties agreed, in a March 16, 2015 Rule 11 agreement, to follow the terms of the 2006 divorce decree as to visitation, it does not identify any provisions of the decree allegedly violated and sought to be enforced. Moreover, the motion states generally that "Movant has regularly attempted to exercise his visitation rights on weekends, on Thursday evenings and for the month of July 2015 ... but Movant has been thwarted in his attempts at visitation on every occasion since the middle of May 2015." The motion then offers "[e]xamples of dates that visitation was refused" but only states four specific dates without noting any times or locations or manner of noncompliance. This motion was clearly deficient under subsections 157.002(a)(1), (a)(2), and (c).

In his supplemental motion, Guevara provides a list of what he suggests is

---

**6.**  At the conclusion of Guevara's case as petitioner, Rodriguez's counsel moved for a "directed verdict" on these motions. At the conclusion of trial, counsel reurged the motion and it was granted. Although counsel referred to his motion as a "motion for directed verdict," it was effectively a "motion for judgment," which is the proper description for such a motion in a bench trial. *See Onwudiegwu v. Dominguez*, No. 14-14-00249-CV, 2015 WL 4366213, at *5 (Tex. App.—Houston [14th Dist.] July 16, 2015, no pet.) (mem. op.); *Koelher v. Amoco Fed. Credit Union*, No. 01-13-00498-CV, 2014 WL 6602446, at *2 (Tex. App.—Houston [1st Dist.] Nov. 20, 2014, no pet.) (mem. op.); *see also Grounds v. Tolar I.S.D.*, 856 S.W.2d 417, 422 n.4 (Tex. 1993) ("Technically, the use of the term 'directed verdict' in a bench trial is incorrect because there is no jury to direct. In this situation, the correct procedure is for the defendant, at the close of the plaintiff's evidence, to make a 'motion for judgment.'"). This is an important distinction because we review a judgment pursuant to a motion for judgment differently than a directed or instructed verdict. *See Schwartz v. Pinnacle Commc'ns*, 944 S.W.2d 427, 431 n.1 (Tex. App.—Houston [14th Dist.] 1997, no writ).

visitation ordered in the decree, but he still fails to identify the relevant decree provisions.[7] *See* Tex. Fam. Code § 157.002(a)(1). He then states globally that "on each occasion since May, 2015 [Rodriguez] has either refused [Guevara]'s ordered visitation or has not been present with the children for the visitation ordered by the court," and "[o]n each occasion since May 2015 [Rodriguez] either was not home … or refused to open the door to allow [Guevara] access to the children for the purpose of visitation." Guevara then provides one specific date of an alleged occurrence.[8] He does not, however, provide the date, place, time, or manner of noncompliance for each alleged violation. *See id.* § 157.002(a)(2), (c). Guevara's generalized complaints were not sufficient to provide Rodriguez with notice of the allegations for which she needed to prepare a defense. *See In re H.G-J.*, 503 S.W.3d at 685; *see also In re Depeau*, No. 14-14-00693-CV, 2014 WL 4952427, at *6-7 (Tex. App.— Houston [14th Dist.] Oct. 2, 2014, orig. proceeding) (mem. op.) (determining motion was sufficient for allegations on which it provided the provision violated and the manner and date of the specific violation but was insufficient on allegations on which it failed to provide the necessary information).

Guevara additionally argues, however, that Rodriguez waived any objection to the sufficiency of the enforcement motions by not raising special exceptions to the motions prior to trial, citing Texas Rules of Civil Procedure 90 and 91. We note that, although no written response is in our record, these objections were the very subject of Rodriguez's motion for judgment and the judge was made aware of them before the judgment was signed. In any event, these rules do not support Guevara's position. Rule 90 provides in relevant part as follows:

> Every defect, omission or fault in a pleading … which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court before the instruction or charge to the jury or, in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account. . . .

Tex. R. Civ. P. 90. Because Rodriguez is not the party seeking reversal in this case, Rule 90 could have no application to her complaints regarding Guevara's enforcement motions. *See Davis v. Young Californian Shoes, Inc.*, 612 S.W.2d 703, 704 (Tex. Civ. App.—Dallas 1981, no writ).[9] Rule 91

---

7. Later in the motion, Guevara states: "The provision of the decree which was violated by [Rodriguez] was contained in the [2006 decree] p. 8-14." We note that the standard possession order is described in great detail in that section of the decree, including "spring break in odd-numbered years"; however, it is impossible to determine which specific provisions or paragraphs Guevara alleges to have been violated.

8. The motion states: "On each occasion … [Rodriguez] either was not home … or refused to open the door … including … December 10, 2015." Guevara does not state the time or the manner of noncompliance (not home or refused to answer the door) for this alleged violation.

9. We further note that we have previously questioned whether Rule 90 could have any application in this context given that the Texas Family Code contains its own provision concerning special exceptions to motions to enforce. *Ex parte Barlow*, 899 S.W.2d 791, 797 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding) (discussing Tex. Fam. Code § 14.311(f) (repealed) (see now Tex. Fam. Code § 157.064)). *See also In re Mann*, 162 S.W.3d 429, 433–34 (Tex. App.—Fort Worth 2005, no pet.) ("We agree with *Barlow*. We hold that a relator need not specially except to a defective motion to enforce [under the Family Code] to complain of lack of notice. . . .").

merely requires special exceptions be specific and intelligible and therefore has no application under these circumstances. Finding no merit in any of Guevara's arguments concerning the trial court's denial of his motions to enforce, we overrule his second issue.

We affirm the trial court's judgment.