**Affirmed and Memorandum Opinion filed June 21, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00179-CV

---

### ELAINE HASSAN, Appellant

### V.

### TAMER HASSAN, Appellee

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-05064**

---

## MEMORANDUM OPINION

Appellant Elaine Hassan appeals the trial court's denial of her application for a protective order. For the reasons below, we affirm.

### BACKGROUND

Elaine filed an application for a protective order against appellee Tamer Hassan. Elaine included with her application an affidavit detailing several incidents of violence that she alleges occurred during her relationship with Tamer.

Elaine's affidavit asserts that Tamer "physically and emotionally abused [her] throughout the years of [their] marriage." Elaine asserts that the abuse began approximately six months after she married Tamer in December 2006. Elaine's affidavit enumerates several specific incidents of abuse; the descriptions of these incidents include physical and verbal abuse as well as threats of future violence. Elaine's affidavit also states that Tamer physically abused her while she was pregnant.

The parties proceeded to a bench trial on February 6, 2017. Elaine testified at trial regarding the incidents included in her affidavit. The trial court admitted as an exhibit a photograph of Elaine taken in April 2016; Elaine is pictured wearing a neck brace and has three visible bruises on her right arm.

Elaine testified that Tamer had visited her twice in the three weeks preceding trial. Elaine stated that Tamer did not threaten her with violence during these visits.

On cross-examination, Elaine acknowledged that she and Tamer were married twice. Elaine stated that she and Tamer were married in 2005 and divorced in November 2006. Elaine testified that she and Tamer were "common-law married" in December 2006 and "legally" married in 2008.

In response to questioning, Elaine acknowledged that "[a]t any point [she's] free to go where [she] want[s] when [she] want[s] during the day." Elaine also stated that she never reported Tamer's abuse to the police. Elaine testified that she and Tamer currently live about 12-13 miles apart from each other.

Elaine responded "yes" when asked if she was "still afraid of family violence from [Tamer] today?" When asked why she was afraid, Elaine stated "I don't know. I always go back."

Elaine rested her case and counsel for Tamer moved for a directed verdict on

the grounds that Elaine "has not proved . . . that [Tamer] is, in fact, a threat of future violence, nor is conclusive as to any specific incidents of violence." The trial court stated that it did "find that the evidence of family violence has been presented" but did not "have any basis for future" violence. The trial court granted Tamer's motion for a directed verdict.

The trial court signed its "Order Denying Application for Protective Order" on February 6, 2017. Elaine timely appealed.

## STANDARD OF REVIEW

Elaine asserts on appeal that the trial court "erred in granting the motion for directed verdict" because she "provided more than a mere scintilla of probative evidence for each element necessary to receive a protective order." Elaine's argument incorporates the standard of review for a directed verdict.

"When a defendant moves for a directed verdict in a bench trial, it is actually requesting that the trial court render judgment because there is no jury to direct." *Sanchez v. Marine Sports, Inc.*, No. 14-03-00962-CV, 2005 WL 3369506, at *1 (Tex. App.—Houston [14th Dist.] Dec. 13, 2005, no pet.) (mem. op.); *see also Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 422 n.4 (Tex. 1993) (Gonzalez, J., concurring). This distinction is important because we review a judgment pursuant to a motion for judgment differently than a directed or instructed verdict. *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 303-04 (Tex. 1988). We construe Tamer's motion for directed verdict as a motion for judgment. *See In re A.G.*, 531 S.W.3d 329, 335 n.6 (Tex. App.—Houston [14th Dist.] Sept. 12, 2017, no pet.) ("Although counsel referred to his motion as a 'motion for directed verdict,' it was effectively a 'motion for judgment,' which is the proper description for such a motion in a bench trial."); *Onwudiegwu v. Dominguez*, No. 14-14-00249-CV, 2015 WL 4366213, at *5 (Tex. App.—Houston [14th Dist.] July 16, 2015, no pet.) (mem.

op.) ("Because a defendant in a nonjury trial makes a motion for judgment rather than a motion for directed verdict, we construe this as a motion for judgment.").

Elaine's legal sufficiency argument therefore challenges the trial court's order granting Tamer's motion for judgment. When conducting a legal sufficiency review, we consider the evidence in the light most favorable to the appealed order and indulge every reasonable inference that supports it. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005); *Ford v. Harbour*, No. 14-07-00832-CV, 2009 WL 679672, at *2 (Tex. App.—Houston [14th Dist.] March 17, 2009, no pet.) (mem. op.). Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Keller*, 168 S.W.3d at 827. We credit favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *Id*. The trier of fact is the sole judge of a witness's credibility and the weight to be given to a witness's testimony. *Id*. at 819; *Teel v. Shifflett*, 309 S.W.3d 597, 603 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).

When a party challenges the legal sufficiency of an adverse finding on an issue on which she had the burden of proof, she must "demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam).

### ANALYSIS

Because the evidence does not establish as a matter of law that family violence was likely to occur in the future, we overrule Elaine's sole issue on appeal.

An applicant seeking a protective order must prove that family violence (1) had occurred, and (2) is likely to occur in the future. Tex. Fam. Code Ann. § 85.001 (Vernon 2014). After the hearing on Elaine's application for a protective

order, the trial court concluded that it did "find that the evidence of family violence has been presented" but found that it did not "have any basis for future" violence.

Evidence showing that a person has engaged in abusive conduct in the past permits an inference that the person will continue violent behavior in the future. *See In re Epperson*, 213 S.W.3d 541, 543 (Tex. App.—Texarkana 2007, no pet.). This inference, however, is not mandatory, and the trial court is not required to find "that a person will continue violent behavior in the future because of past violence." *Gonzalez v. Galvan*, No. 13-08-488-CV, 2009 WL 1089472, at *2 (Tex. App.— Corpus Christi April 23, 2009, no pet.) (mem. op.).

Here, Elaine's affidavit and her testimony at trial detailed several incidents of family violence that occurred during her relationship with Tamer. The descriptions of these incidents included both physical and verbal abuse, as well as threats of future violence. A photograph admitted as an exhibit shows Elaine wearing a neck brace; bruises also are visible on Elaine's right arm. Although this evidence shows that family violence had occurred, it alone is not sufficient to prove as a matter of law that Tamer would engage in family violence in the future. *See In re Epperson*, 213 S.W.3d at 543; *see also Gonzalez*, 2009 WL 1089472, at *2.

Moreover, Elaine's testimony on cross-examination, considered in the light most favorable to the trial court's order, supports the trial court's conclusion that Tamer was not likely to engage in family violence in the future. Elaine testified that Tamer had visited her twice in the three weeks preceding trial and did not threaten her with violence during these visits. Elaine stated that she and Tamer currently live about 12-13 miles apart from each other. Elaine also acknowledged that "[a]t any point [she's] free to go where [she] want[s] when [she] want[s] during the day." This evidence would enable reasonable and fair-minded people to conclude that Tamer did not pose a threat to Elaine of future family violence.

5

Although Elaine testified that she was still afraid of Tamer, the trial court was "the sole judge of [Elaine's] credibility and the weight to be given to [her] testimony." *See Keller*, 168 S.W.3d at 827. We defer to the trial court's balancing of this testimony against the other evidence presented at trial.

We conclude that the evidence does not prove as a matter of law that Tamer would engage in family violence in the future. We overrule Elaine's sole issue on appeal.

## CONCLUSION

We affirm the trial court's February 6, 2017 "Order Denying Application for Protective Order."

/s/ William J. Boyce
   Justice

Panel consists of Justices Boyce, Jamison, and Brown.