

IN THE
TENTH COURT OF APPEALS

No. 10-18-00176-CV

IN THE INTEREST OF L.L.D. AND E.R.D.,
MINOR CHILDREN

From the 378th District Court
Ellis County, Texas
Trial Court No. 84494-D

## MEMORANDUM  OPINION

Appellant, the father of the minor children (Father), appeals the trial court's order modifying a prior custody and support order.  We will affirm.

### Background

Father and Appellee (Mother) were divorced in 2012.  They had two children.  The parties entered into an Agreed Order Modifying Parent-Child Relationship on March 29, 2016.  Mother was appointed joint managing conservator with the right to establish the children's residence in Ellis or contiguous counties, and Father was awarded custody beyond the standard possessory rights.  Neither party was required to pay child support.

Mother filed a motion to modify the 2016 order after one of the children suffered a broken arm. The case proceeded to a trial before the court, after which the court entered the Order that is the subject of this appeal. The 2018 Order altered Father's custody arrangement and ordered Father to pay child support.

## *Issues*

Father presents the following issues:

Issue No. 1: The Trial Court allowed an unqualified counsellor [sic] to testify at trial and make custody recommendations in direct violation of Chapter 107 of the Texas Family Code.

Issue No. 2: Appellee failed to establish a material and substantial change in circumstances since the rendition of the prior agreed order.

Issue No. 3: Additionally, the Trial Court based its ruling in substantial part on improper evidence outside the scope of a modification proceeding, specifically evidence which pre- dated the prior order and the implementation of the Court's arbitrary policy of denying expanded possession rights.

## *Discussion*

A. Standard of Review. A trial court's decision to modify "custody, control, possession, support, and visitation matters" is reviewed for an abuse of discretion. *In re K.A.M.S.*, 583 S.W.3d 335, 340 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The test for abuse of discretion is whether the trial court ruled "arbitrarily, unreasonably, or without regard to guiding legal principles." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). We apply an abuse of discretion standard because, particularly in a bench trial, the trial court is in the best position to observe "the character of the evidence, the demeanor of the witnesses, and those influences which cannot be discerned from the

record." *Id.* Under this standard, we review the evidence in the light most favorable to the trial court's decision and "indulge every legal presumption in favor of its judgment." *In re J.I.Z.*, 170 S.W.3d 881, 883 (Tex. App.—Corpus Christi 2005, no pet.). We defer to the trial court's resolution of underlying facts, and to the credibility determinations that may have affected its determination of those facts, and we will not substitute our judgment for that of the trial court. *In re K.A.M.S.*, 583 S.W.3d at 341. "The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision." *Id.* When findings of fact were not requested or entered, "we infer that the trial court made all findings necessary to support its judgment." *In re A.G.*, 531 S.W.3d 329, 333 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "Under these circumstances, we review the record to determine whether some evidence supports the judgment and the implied findings, considering only the evidence most favorable to the judgment and upholding the judgment on any legal theory supported by the evidence." *Id.*

The burden of proof for the modification of a suit affecting the parent/child relationship is by a preponderance of the evidence. TEX. FAM. CODE ANN. § 105.005; *see also Trammel v. Trammel*, 485 S.W.3d 571, 578 (Tex. App—Houston [1st Dist.] 2016, no pet.). Under this standard, the factfinder need only determine that the movant's version of the facts is more likely than not true. *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015).

B. Unqualified Counselor. In his first issue, Father argues that the children's counselor, who testified at the bench trial, did not meet the requirements of the Texas Family Code, specifically § 107.104. *See* TEX. FAM. CODE ANN. § 107.104. However, this section applies to counselors appointed by a court to prepare a child custody evaluation.

The counselor in this case was not appointed by the court. Any issues regarding the counselor's qualifications went to her credibility. We defer to the trial court's credibility determinations. *In re K.A.M.S.*, 583 S.W.3d at 341. Father's first issue is overruled.

C. Material and Substantial Change. In his second issue, Father asserts that Mother failed to establish a material and substantial change in circumstances since entry of the previous agreed order. The existence of a material and substantial change in circumstances is a threshold determination in a modification proceeding. *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.). There are no rigid or definite guidelines regarding what constitutes a material and substantial change in circumstances, and each case must be determined according to the facts and circumstances of that particular case. *In re A.D.T.*, 588 S.W.3d 312, 319-20 (Tex. App.—Amarillo 2019, no pet.). "A non-comprehensive list of material changes . . . can include (1) marriage of one of the parties, (2) poisoning of the child's mind by one of the parties, (3) change in the home surroundings, (4) mistreatment of the child by a parent or stepparent, or (5) a parent's becoming an improper person to exercise custody." *In re A.L.E.*, 279 S.W.3d at 428-29; *see also In re A.D.T.*, 588 S.W.3d at 320.

The testimony at trial indicated that, after entry of the prior order, there was at least one physical altercation between Mother and Father at the hospital where the child's broken arm was treated. The altercation resulted in Father being cited for assault. Mother testified that she suffered a miscarriage after the assault. Both parents also testified that their communication suffered after the incident. The children's counselor additionally testified that the children reported physical, emotional, and verbal abuse by Father.

Mother and the counselor further testified that Father began making disparaging remarks about Mother to the children, resulting in trauma to the children that manifested in stress, anxiety, and behavioral issues. Any or all of the foregoing are sufficient to support a finding that there was a material and substantial change in circumstances. Father's second issue is overruled.

D. Improper Evidence. In his third issue, Father asserts that the trial court improperly considered evidence that occurred before entry of the prior agreed order. Father bases this argument on a statement by the trial court that the original agreed order was unworkable at its inception.

The trial court actually noted: "The Court finds that the agreed modification order of March 29, 2016 is unworkable as it would have found if contested previously because of former testimony in the case in this Cause." The trial court's remarks were made in reference to the fact that the prior possession order was approved by a different judge. The trial court's statements in no way reflect that he was basing his decision on anything other than the evidence introduced at the current trial, merely that he would not have approved the previous order if it had been contested.

Father further asserts that the trial court had an "arbitrary policy of denying expanded possession rights." The trial court stated: "The Court does not award expanded visitation unless agreed to or there are special circumstances which this case certainly is not." This does not reflect that the trial court's decision was based upon a "general policy" rather than the specific evidence before it. Because there were no

findings of fact requested or entered, we infer that the finding reducing Father's possession was in the children's best interest.  *See In re A.G.*, 531 S.W.3d at 333.

Even if the trial court's remarks were somehow indicative of a "general policy" in regard to possession determinations, there was sufficient evidence presented to support the trial court's judgment that there was a material and substantial change in circumstances and that a modification of possession was in the children's best interest. Father's third issue is overruled.

### *Conclusion*

Having overruled Father's issues, we affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,
     Justice Neill, and
     Justice Johnson
Affirmed
Opinion delivered and filed May 5, 2021
[CV06]

