**Opinion filed March 20, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00130-CV

_____

## MUSTAPHA ZOUGUAGHI A/K/A SHERIF MOSTAFA ZOUGARY, Appellant

## V.

## AMANDA E. ZOUGUAGHI, Appellee

**On Appeal from the 231st District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 231-737299-23**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a final decree of divorce entered on a default basis after Appellant, Mustapha Zouguaghi a/k/a Sherif Mostafa Zougary, did not file an

answer.[1]  Appearing pro se, Appellant appears to be contending in a single issue that the trial court erred by requiring him to have supervised visitation with his children because he could not afford the fees associated with it.[2]  We note at the outset that we do not have the benefit of a reporter's record from any of the proceedings that occurred below.

On July 18, 2023, Appellee, Amanda E. Zouguaghi, filed an original petition for divorce.  On January 18, 2024, the trial court entered a "Default Final Decree of Divorce."  Among other things, the divorce decree named Appellee as the sole managing conservator of the couple's three children with the right to designate their primary residence.  The decree also named Appellant as the possessory conservator.  The decree specified that Appellant would only have supervised possession of the children "through Family Court Services pursuant to a separate court order."  Further, the decree provided that Appellant had "the right to elect community supervision" and that he would be required to pay any and all fees for community supervision.  Finally, the decree provided that Appellant's "periods of possession shall continue to be supervised until he has complied with all requirements and completed all services as set forth by the Department of Family and Protective Services."

On February 7, 2024, Appellant filed a pro se motion for new trial.  In the motion, Appellant appeared to assert a request to change his visitation of the children from supervised to unsupervised.  The clerk's record indicates that the trial court

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN.§ 73.001 (West Supp. 2024).  We decide this case in accordance with the precedent of the Second Court of Appeals under the principles of stare decisis.  TEX. R. APP. P. 41.3.

[2]Appellant's brief is handwritten, and it is very difficult to read.  We additionally note that we do not have the benefit of an Appellee's brief.  When the appellee fails to file an appellate brief, we nevertheless review the merits of the appellate issues to determine whether reversal of the trial court's ruling is warranted.  *Yeater v. H-Town Towing LLC*, 605 S.W.3d 729, 731 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

heard the motion for new trial on February 27, 2024 and overruled it on that date. However, we do not have a reporter's record from this hearing.

The clerk's record contains two additional orders pertaining to Appellant's supervised visitation of the children. Both orders were signed by an associate judge on April 23, 2024. One order provides for "Community Supervised Visitation" provided by Family Court Services at a rate of $55 an hour. The other order provided for supervised visitation at the Family Court Services Visitation Center at a rate of $15 per visit following the payment of a one-time $50 fee. We do not have a reporter's record with respect to the entry of either of these orders.

In his sole issue on appeal, Appellant appears to be asserting that the trial court erred by ordering supervised visitation because Appellant does not have the financial resources to pay the required fees for supervised visitation.

Because a trial court has broad discretion to decide the best interest of a child in family law matters such as custody, visitation, and possession, we review the trial court's decisions in these areas for an abuse of that discretion. *See Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). A trial court abuses its discretion when it acts arbitrarily or unreasonably, or when it clearly fails to correctly analyze or apply the law. *See In re D.S.*, 76 S.W.3d 512, 516 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The trial court is best able to observe and assess the witnesses' demeanor and credibility, and to sense the "forces, powers, and influences" that may not be apparent from merely reading the record on appeal. *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.). Therefore, we defer to the trial court's resolution of underlying facts and to credibility determinations that may have affected its findings, and we will not substitute our judgment for the trial court's judgment. *George v. Jeppeson*, 238 S.W.3d 463, 468 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

The appellant bears the burden of bringing forward a sufficient record to show the trial court's error. *Aduli v. Aduli*, 368 S.W.3d 805, 819 (Tex. App.—Houston [14th Dist.] 2012, no pet.). "Without a complete record, we must presume the missing portions of the record would support the trial court's decision." *Id.* If no findings of fact were requested or entered, we infer that the trial court made all findings necessary to support its judgment. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

A trial court may place conditions on a parent's access, such as supervised visitation, when it is in the child's best interest. *In re A.G.*, 531 S.W.3d 329, 333 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *In re A.L.E.*, 279 S.W.3d 424, 431– 32 n.7 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("It is beyond question that, in an appropriate case, a trial court may order a parent's visitation to be supervised.").

The record before us does not reflect that Appellant presented his argument to the trial court that he was unable to pay for supervised visitation. While Appellant referenced supervised visitation in his motion for new trial, he did not assert an inability to pay in the motion even though the divorce decree provided that Appellant would be required to pay all expenses in connection with supervised visitation.[3] Our rules for preservation of error preclude a party from raising a complaint for the first time on appeal. *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014); *Jurgens v. Martin*, 631 S.W.3d 385, 408 (Tex. App.—Eastland 2021, no pet.). Accordingly, Appellant failed to preserve for our review his contention based upon an inability to pay for supervised visitation. *See* TEX. R. APP. P. 33.1; *see also Tex. Dep't of Protective & Regulatory Services v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) ("As a

---

[3]In the absence of a reporter's record from the hearing on the motion for new trial, Appellant is unable to demonstrate that the trial court erred in overruling his motion for new trial. *See Aduli*, 368 S.W.3d at 819.

rule, a claim, including a constitutional claim, must have been asserted in the trial court in order to be raised on appeal." (quoting *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993)).

As noted previously, the trial court may require that a parent's visitation of his child be supervised when it is in the child's best interest. *See A.G.*, 531 S.W.3d at 333. For example, the trial court may institute visitation restrictions if there is evidence that a parent poses a physical danger to the child. *See* Tex. Fam. Code Ann. § 153.004(e)(1) (West Supp. 2024) ("It is a rebuttable presumption that it is not in the best interest of a child for a parent to have unsupervised visitation with the child if credible evidence is presented of a history or pattern of past or present child neglect or abuse or family violence by [] that parent."). In the absence of findings of fact and a reporter's record, we must presume that the trial court had both a legal and evidentiary basis for requiring supervised visitation for Appellant. *See Aduli*, 368 S.W.3d at 819. Further, in the absence of findings and a reporter's record, Appellant is unable to demonstrate that the trial court's decision to restrict his visitation was not in the best interest of the children.

We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment and orders of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


March 20, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.