

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00103-CV

**IN RE** Yolanda Janet **DAVILA**

Original Mandamus Proceeding[1]

Opinion by:      Rebeca C. Martinez, Justice

Sitting:         Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:   March 22, 2013

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator Yolanda Janet Davila seeks a writ of mandamus to compel the trial court to vacate temporary orders in a child custody modification suit. Because there was no evidence that the child's present circumstances would significantly impair the child's physical health or emotional development, as required by section 156.006 of the Texas Family Code, we conditionally grant the relief requested. *See* TEX. FAM. CODE ANN. § 156.006 (Vernon Supp. 2012).

### FACTUAL AND PROCEDURAL BACKGROUND

Relator Yolanda Davila and Real Party in Interest Julio Davila were divorced in Bexar County, Texas in 2009.[2] At the time of the divorce, Yolanda and Julio were appointed joint

---

[1] This proceeding arises out of Cause No. 2008-CI-09835, styled *In the Interest of J.D., A Child*, pending in the 224th Judicial District, Bexar County, Texas, the Honorable Cathy Stryker presiding. However, the order complained of was signed by the Honorable Peter Sakai, presiding judge of the 225th Judicial District Court, Bexar County, Texas.

managing conservators to now ten-year-old J.D., and Yolanda was given the exclusive right to determine the primary residence. Since August of 2011, Yolanda has been on active duty and stationed in Misawa, Japan. Although there were allegations raised of potential abuse by J.D.'s stepfather, Yolanda's husband, the United States Air Force ruled out any abuse by the stepfather, and he and Yolanda were divorced in early December 2012.

On December 5, 2012, when Yolanda traveled to Texas to deliver J.D. for Christmas vacation with Julio, Yolanda was served with a suit for modification. In spite of the fact that J.D. was seeing a counselor in Japan, on December 22, 2012, Julio took the minor child to a counselor in San Antonio.

On December 27, 2012, after the trial court denied Yolanda's request to delay the proceedings pursuant to Section 522 of the Serviceman's Civil Relief Act, a hearing was held on temporary orders. The trial court also denied Yolanda's motion to strike the testimony of the San Antonio counselor because she had not consented to the counseling as required by the divorce decree. During her testimony, the counselor relayed her belief that J.D. did not want to return to Japan because of his stepfather and recommended that J.D. remain in San Antonio with Julio. After speaking to the child in chambers, the trial court ruled that J.D. would stay in San Antonio and awarded his parents joint managing conservators without a designation of a primary conservator. Yolanda's motion for reconsideration was denied.

After learning of Julio's intent to move to New Jersey, Yolanda filed an emergency application for temporary restraining order attempting to keep the child within the jurisdiction of the trial court. On January 18, 2013, the trial court denied the emergency application, lifted any geographic restrictions imposed on the primary residence of the child, and modified the

---

[2] For purposes of this opinion, and to avoid confusion, we refer to the parties by their first names.

temporary orders designating Julio as the conservator with the exclusive right to determine the primary residence of the child.

Yolanda subsequently filed a petition for a writ of mandamus challenging the temporary orders as a violation of the standard set forth in § 156.006(b)(1) of the Texas Family Code, which provides in pertinent part:

> (b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order *unless*:
>
> > *(1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development*[.]

*See* TEX. FAM. CODE ANN. § 156.006(b)(1) (Vernon Supp. 2012) (emphasis added). On February 15, 2013, this court issued an order expressing serious concern regarding the relief sought and provided the respondent and the real party in interest until March 1, 2013 to file a response to the petition. No response was filed.

### STANDARD OF REVIEW

Mandamus is an extraordinary remedy that is available only in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy at law. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding). For example, a writ of mandamus will issue to correct an order of the trial court that the court had no power to render and which is, therefore, void. *See Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex. 1993) (orig. proceeding).

Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order is void. *In re Brookshire Grocery Co.,* 250 S.W.3d 66, 68-69

(Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.,* 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding). Specifically, when a trial court erroneously reinstates a case after its plenary power has expired, there is no adequate remedy by appeal and mandamus is the appropriate remedy. *Estate of Howley v. Haberman,* 878 S.W.2d 139, 140 (Tex. 1994) (orig. proceeding); *S. Main Bank v. Wittig,* 909 S.W.2d 243, 244 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding). Relief may be granted to set aside an order issued on the merits of a case after the trial court's plenary power expires. *In re Daredia*, 317 S.W.3d 247, 250 (Tex. 2010) (orig. proceeding).

## TEXAS FAMILY CODE SECTION 156.006

Section 156.006(b) limits a trial court's authority to render temporary orders that have "the effect" of changing the person with the exclusive right to designate primary residence under a final order. TEX. FAM. CODE ANN. § 156.006(b)(1) (Vernon Supp. 2006); *In re Levay*, 179 S.W.3d 93, 95 (Tex. App.—San Antonio 2005, orig. proceeding). To determine if temporary orders effectively change the person with the exclusive right to designate primary residence, we must examine the temporary orders in relation to the final order. *In re Ostrofsky*, 112 S.W.3d 925, 929 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). This determination does not turn on the trial court's characterization of its ruling, but on the substance of the temporary orders. *See id.* (temporary order changed person with the exclusive right to determine primary residence even if it did not expressly state it). When the temporary orders "deprive[ ]" a custodial parent "of any discretion inherent in the right to determine the [child's] primary residence," they have "the effect" of changing the designation of the person with the exclusive right to designate a child's primary residence. *In re Levay*, 179 S.W.3d at 96; *In re Ostrofsky*, 112 S.W.3d at 929.

Here, there is no evidence that the child's present circumstances will significantly impair the child's physical health and emotional development. *See In re Levay*, 179 S.W.3d at 96; *In re Sanchez*, 228 S.W.3d 214, 217 (Tex. App.—San Antonio 2007, orig. proceeding). During the hearing, the trial court judge specifically stated that he was trying to "respect the wishes of the child" regarding with which parent the child was to reside. The court further reiterated that it was not going to delve into whether the child was "abused or not abused, and [whether he was] in danger or not." This is precisely what section 156.006 requires. *See* TEX. FAM. CODE ANN. § 156.006(b)(1) (Vernon Supp. 2006). Accordingly, by failing to apply the test set out in section 156.006, and make a finding as to the child's present circumstances impairing his physical health and emotional development, the trial court abused his discretion in modifying conservatorship in a temporary order. *Id.*

## CONCLUSION

Having determined that Relator Yolanda Janet Davila is entitled to relief, we conditionally grant the petition for writ of mandamus. Accordingly, the trial court is ordered to vacate its January 18, 2013 order. Mandamus will issue only if the trial court fails to comply with this order within fourteen days.

Rebeca C. Martinez, Justice