

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00403-CV

IN RE E.M.                                                      RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 231-445474-08

----------

## MEMORANDUM OPINION[1]

----------

Relator E.M. (Father) seeks a writ of mandamus directing Respondent Associate Judge Lindsay DeVos to withdraw or to stay a December 15, 2014 temporary order she signed in connection with a separate order transferring Real Party in Interest's (Mother's) modification suit to Hidalgo County, Texas.[2]  The

---

[1]*See* Tex. R. App. P. 47.4.

[2]We requested a response from Mother, but her attorney subsequently attempted to file with this court a motion to withdraw as counsel in this proceeding.  Although we rejected the motion for failure to comply with the rules

temporary order changed the designation of the person who has the exclusive right to designate the primary residence of the children from Father to Mother, but the temporary order did not contain all of the statutory findings required to support a temporary order changing the designation of the person who has the exclusive right to designate the primary residence of the children. *See* Tex. Fam. Code Ann. § 156.006(b) (West 2014) (providing that in modification suit a court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child unless it is in the best interest of the child and certain circumstances are proved); *In re Davila*, No. 04-13-00103-CV, 2013 WL 1192617, at *3 (Tex. App.—San Antonio, Mar. 22, 2013, orig. proceeding) (holding that trial court abused its discretion by modifying conservatorship in a temporary order without making requisite findings under family code section 156.006).

Although temporary orders may be issued in connection with a transfer order, the case being transferred here is a child custody modification suit; therefore, the trial court was required to comply with section 156.006(b). *See* Tex. Fam. Code Ann. §§ 155.005(a) (West 2014), .006(b). We hold that Respondent abused her discretion by issuing a temporary order in connection with a child custody modification suit that she ordered transferred to Hidalgo County because that temporary order changed the designation of the person who

of appellate procedure and an amended motion has yet to be filed, we proceed to address Father's issues in the absence of a response.

has the exclusive right to designate the primary residence of the children from Father to Mother without making the requisite findings required by section 156.006(b). *See, e.g., In re Davila*, 2013 WL 1192617, at *3.

Father timely filed a request for a de novo hearing of Respondent's temporary order in front of the referring judge and that hearing is scheduled for next week. Father argues, however, that because Respondent abused her discretion by entering the temporary order and because the temporary order, which changes the designation of the person who has the exclusive right to designate the primary residence of the children, became effective prior to the date scheduled for the de novo hearing, he has no adequate remedy at law and is entitled to a stay of Respondent's temporary order until the de novo hearing is concluded. *See* Tex. Fam. Code Ann. § 201.013(a) (West 2014). We agree. In custody cases, temporary orders are not appealable but are subject to mandamus relief. *See Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (holding mandamus relief from temporary orders was appropriate because "the trial court's issuance of temporary orders [was] not subject to interlocutory appeal"). We sustain Father's first issue.

Father also complains in his second issue that the referring judge stated on the record that he did not intend to conduct the de novo hearing within the thirty-day statutory time period but intended only to swear-in witnesses and to then continue the hearing. We do not know what will happen at the upcoming de novo hearing scheduled before the referring judge. Consequently, Father's

3

request for mandamus relief on this issue is premature. *See, e.g.*, *Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998) (explaining that an action is not ripe for judicial review if it involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all"). We overrule Father's second issue.

Having determined that Respondent abused her discretion by issuing a temporary order in connection with a child custody modification suit that she ordered transferred to Hidalgo County because the temporary order changed the designation of the person who has the exclusive right to designate the primary residence of the children from Father to Mother without making the requisite findings required by section 156.006(b) and having sustained Father's first issue, we conditionally grant a writ of mandamus directing Respondent to stay the effect of her December 15, 2014 temporary order changing the designation of the person who has the exclusive right to designate the primary residence of the children from Father to Mother until the referring court completes its de novo review of this ruling. We are confident that Respondent will promptly stay her December 15 temporary order and our writ will issue only if she does not.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED: January 9, 2015

4