

# NUMBER 13-22-00126-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE AARON MACH, INDIVIDUALLY AND AS NEXT FRIEND OF C.E.R., A MINOR CHILD

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Silva
### Memorandum Opinion by Justice Longoria[1]

Relator Aaron Mach, individually and as next friend of C.E.R., a minor child, has filed a petition for writ of mandamus asserting that the trial court abused its discretion by issuing a temporary order which changed the conservator with the exclusive right to designate the primary residence of the child (1) "in an off-record, non-evidentiary 'hearing' conducted without prior notice to [Mach]," and (2) in the absence of pleadings requesting

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

such relief.[2] *See* TEX. FAM. CODE ANN. § 156.006(b). We conditionally grant the petition for writ of mandamus.

## I.     BACKGROUND

On December 18, 2020, the trial court issued an "Order Adjudicating Parentage" which, among other things: (1) determined Mach to be the father of C.E.R.; (2) established a father-child relationship between Mach and C.E.R.; (3) stated that C.E.R.'s mother, K.R., had failed to surrender possession of C.E.R. to Mach as previously ordered; (4) appointed Mach as managing conservator and K.R. as possessory conservator; and (5) provided Mach with "the exclusive right to designate the primary residence of the child within Matagorda County, Texas[,] and counties contiguous to Matagorda County, Texas." Nevertheless, K.R. did not provide Mach with access to or visitation with C.E.R.

On January 21, 2021, K.R. filed a motion for new trial.[3]

On May 5, 2021, Mach filed a "First Amended Petition for Writ of Habeas Corpus and Attachment" on grounds that K.R. had illegally restrained C.E.R. On May 6, 2021, Mach filed a "Second Amended Petition for Writ of Habeas Corpus and Attachment" reiterating his allegations. On May 6, 2021, the trial court signed a "Notice of Show Cause Hearing and Order for Writ of Habeas Corpus for Child." This order directed the court clerk to issue a writ of habeas corpus to K.R. ordering her to deliver C.E.R. to the court

---

[2] This original proceeding arises from trial court cause number 18-E-0625 in the 130th District Court of Matagorda County, Texas, and the respondent is the Honorable Carolyn Marks Johnson, who was assigned to preside over the case. *See id.* R. 52.2.

[3] We note that K.R.'s motion for new trial was not timely filed. *See* TEX. R. CIV. P. 329b(a) ("A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed."). This issue is not germane to our resolution of this original proceeding.

2

and appear on May 14, 2021, to respond to Mach's petition for writ of habeas corpus "and show cause why it should not be granted." The record does not indicate the result of these proceedings.

On July 8, 2021, the trial court signed an order appointing Amy Rod as amicus attorney for C.E.R. Thereafter, Rod facilitated meetings and visitation for C.E.R.

On or about August 3, 2021, K.R. filed a "Motion to Modify Parent-Child Relationship." She stated that "[t]he circumstances of the child, a conservator, or other party . . . ha[d] materially and substantially changed since the date of rendition of the order to be modified," and she requested to be appointed as the person who has the right to designate the primary residence of the child. K.R. filed an affidavit in support of this motion which stated in relevant part:

> I am the Petitioner in this case and the mother of [C.E.R.,] age two. [Mach] is the Respondent and the father of [C.E.R.].
>
> Upon my filing of a Motion for New Trial[,] the new judge of the District Court of Matagorda, 23[rd] Judicial District, Judge Denise Fortenberry, recused herself due to a conflict. We were then assigned to Judge Ben Hardin, who recessed our hearing after testimony had begun and voluntarily recused himself and sought the appointment of an out of county jurist. Judge Carolyn Marks Johnson was appointed. Judge Johnson has entered some orders during the pending Motion for New Trial which will cause my Motion for New Trial to be overruled by operation of law due to the time necessary for compliance and completion. It is for this reason that I am seeking a Petition to Modify so that I can complete family counseling, the stair step visitation, and meet with the newly appointed amicus as outlined by the Court.
>
> Judge Estlinbaum's personal bias and anger towards me led to a ruling which will substantially impair [C.E.R.'s] mental and emotional wellbeing and development. [C.E.R.] has been unfamiliar with her father all her life. Her father did not have a relationship with her even prior to the order of December 18, 2020. Her emotional and mental development will be significantly impaired if she is removed from the only parent she has known all her life, to a father she is entirely unfamiliar with.

On Sunday, March 6, 2022, as alleged by the parties, the trial court held an emergency hearing by Zoom. Mach's counsel was unable to reach him before the hearing commenced, and Mach was "not afforded the ability to present any sort of defense." That same day, the trial court signed an "Order on Motion for New Trial." This order states:

On May 14, 2021[,] the Court heard the Motion for New Trial of [K.R.].

IT was verbally ORDERED that the Order signed on December 18, 2020 was suspended in the best interest of the child. On March 6, 2022[,] an emergency hearing was held and recorded by Zoom[,] and the Court found that a written order suspending the prior order was necessary.

[K.R.] appeared in person on camera, with counsel Ronique Bastine Robinson who appeared by phone with video.

[Mach] did not appear, but was represented by counsel, John Maher who appeared by phone without video.

Amy Rod, the amicus attorney appeared by phone and without video.

It is therefore, ORDERED that the prior order suspending the December 18, 2020, Order by the Court is committed to writing; the oral Order suspending the December 18, 2020[] Order is hereby restated in writing. The Court would show that the December 18, 2020[] Order has been suspended since the May 14, 2021 hearing. The court finds suspending the Order signed on December 18, 2020, is in the best interest of the child for the child's safety, welfare, and protection and to determine if it is in the best interest of the child to have access with both parents in keeping with the public policy of the State of Texas. The Court finds the parties agreed to attend mediation[,] and the order is suspended until the parties attempt to reach an agreement in mediation concerning joint managing conservatorship with each parent having equal time with the child or other agreement consistent with joint managing conservatorship and standard visitation or until further order of this Court.

Also, on March 6, 2022, the trial court signed a new order. This order essentially replicates the text of the previous "Order on Motion for New Trial," but has a new title, "Amended Order Temporarily Suspending Order," and introductory paragraph which

4

states: "On May 14, 2021[,] the Court heard the Motion for New Trial of [K.R.] but did not rule on it." The remainder of the order is substantially identical to the previously signed "Order on Motion for New Trial."

This original proceeding ensued. By two issues, Mach asserts that the trial court abused its discretion in issuing a temporary order which changed the conservator with the exclusive right to establish the primary residence of the child (1) "in an off-record, non-evidentiary 'hearing' conducted without prior notice," and (2) "absent pleadings requesting such relief." Mach further requested emergency relief to stay the trial court's order. This Court granted emergency relief and ordered the trial court's temporary orders, as referenced above, to be stayed. *See* TEX. R. APP. P. 52.10(b). We further requested and received a response to the petition for writ of mandamus from K.R., and also received a response from amicus attorney Rod.

K.R.'s response to Mach's petition for writ of mandamus asserts generally that the trial court did not abuse its discretion in issuing the March 6, 2022 order. K.R.'s response fails to comply with Texas Rules of Appellate Procedure 52.4, fails to cite authority in support of her contention that mandamus should not issue, includes factual allegations that are not supported by evidence, and includes some documents in the appendix that do not appear to have been filed in the underlying proceeding or otherwise introduced into evidence or authenticated. *See* TEX. R. APP. P. 52.4. In sum, K.R.'s attorney alleges that K.R. personally contacted the judge directly through a "teary eyed [FaceTime] call" when Mach refused to return C.E.R. to K.R. after a scheduled visitation. K.R. alleged that the judge instructed K.R. to call her attorney and schedule a meeting. The court

5

coordinator subsequently sent the parties a Zoom notice for an emergency hearing that same day, Sunday, March 6, 2022. K.R. alleged that this type of notice and hearing was the "custom" between the parties and trial court, although it was "usually with more notice." K.R. asserts that Mach is "disingenuous" in believing that he was entitled to notice and an evidentiary hearing.

Rod concurs with Mach's contention in his petition for writ of mandamus that the trial court lacked the ability to change the conservator with the exclusive right to designate the primary residence of the child following the March 6, 2022 Zoom meeting. According to Rod, the trial court must conduct a hearing to determine if a change is in the child's best interest and that the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development. Rod asserts that the trial court must conduct a hearing to make that determination and agrees that the trial court did not hold a hearing prior to issuing the subject order. Rod states that the March 6, 2022, "emergency hearing," after which the trial court signed the order, "was conducted on a Sunday morning, was not noticed, and no evidence was presented as to the child's present circumstances." Rod states that "[t]his order served to remove the father's ability to determine the primary residence of the child, which had been granted to him in a prior order."

## II. STANDARD OF REVIEW

"Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy on appeal." *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding);

6

*see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion only if its decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 839; *see In re Cerberus Cap. Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). When reviewing the trial court's decision for an abuse of discretion, we may not substitute our judgment for that of the trial court with respect to resolution of factual issues or matters committed to the trial court's discretion. *Walker*, 827 S.W.2d at 839. However, we are "much less deferential" when we review the trial court's determination of the legal principles controlling its ruling. *Id.* at 840.

Because a trial court's temporary orders are not appealable, mandamus is an appropriate vehicle for review. *See In re Derzapf*, 219 S.W.3d 327, 334–35 (Tex. 2007) (orig. proceeding) (per curiam); *In re Walser*, No. 04-21-00291-CV, 2021 WL 4296048, at *1, __ S.W.3d __, __ (Tex. App.—San Antonio Sept. 22, 2021, orig. proceeding); *In re Strickland*, 358 S.W.3d 818, 820 (Tex. App.—Fort Worth 2012, orig. proceeding); *In re Ostrofsky*, 112 S.W.3d 925, 928 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

### III. TEXAS FAMILY CODE ANN. § 156.006

Texas Family Code § 156.006 governs temporary orders in suits for modification. *See* TEX. FAM. CODE ANN. § 156.006. This section provides, in relevant part, as follows:

(a)   Except as provided by Subsection (b), the court may render a temporary order in a suit for modification.

(b)    While a suit for modification is pending, the court may not render a temporary order that has the effect of creating a designation, or changing the designation, of the person who has the exclusive right to designate the primary residence of the child, or the effect of creating a geographic area, or changing or eliminating the geographic area, within which a conservator must maintain the child's primary residence, under the final order unless the temporary order is in the best interest of the child and:

    (1)    the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;

    (2)    the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months; or

    (3)    the child is 12 years of age or older and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child.

(b-1)    A person who files a motion for a temporary order authorized by Subsection (b)(1) shall execute and attach to the motion an affidavit on the person's personal knowledge or the person's belief based on representations made to the person by a person with personal knowledge that contains facts that support the allegation that the child's present circumstances would significantly impair the child's physical health or emotional development. The court shall deny the relief sought and decline to schedule a hearing on the motion unless the court determines, on the basis of the affidavit, that facts adequate to support the allegation are stated in the affidavit. If the court determines that the facts stated are adequate to support the allegation, the court shall set a time and place for the hearing.

*Id.* Based on the pleadings and record, the only exception that could apply in this case is subsection (b)(1): whether "the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development." *Id.* "Section 156.006 imposes a high burden on the movant to present evidence that a child's present circumstances are *significantly* impairing his or her

8

physical health or emotional development." *In re Walser*, 2021 WL 4296048, at *2, __ S.W.3d at __ (quoting *In re J.W.*, No. 02-18-00419-CV, 2019 WL 2223216, at *3 (Tex. App.—Fort Worth May 23, 2019, orig. proceeding) (mem. op.)); *see also In re Suarez*, No. 13-21-00379-CV, 2021 WL 6067350, at *4 (Tex. App.—Corpus Christi–Edinburg Dec. 22, 2021, orig. proceeding) (mem. op.). Thus, the movant "must present evidence of bad acts or omissions committed against the children." *In re Walser*, 2021 WL 4296048, at *2, __ S.W.3d at __; *see also In re Suarez*, 2021 WL 6067350, at *4.

## IV. ANALYSIS

By two issues, Mach asserts that the trial court abused its discretion by issuing a temporary order which changed the conservator with the exclusive right to establish the primary residence of the child absent pleadings requesting such relief and "in an off-record, non-evidentiary 'hearing' conducted without prior notice." We examine whether the trial court's order creates or changes the designation of the person who has the exclusive right to designate the primary residence of the child or has the effect of creating, changing, or eliminating the geographic area within which the conservator must maintain the child's primary residence. *See* TEX. FAM. CODE ANN. § 156.006(b); *In re Sanchez*, 228 S.W.3d 214, 217–18 (Tex. App.—San Antonio 2007, orig. proceeding); *In re Levay*, 179 S.W.3d 93, 95 (Tex. App.—San Antonio 2005, orig. proceeding). To determine if a temporary order falls within this parameter, we examine the temporary orders in relation to the final order. *See In re Ostrofsky*, 112 S.W.3d at 929. In examining this issue, we examine the substance of the temporary orders rather than the trial court's

9

characterization of its ruling. *See In re Davila*, 510 S.W.3d 455, 458 (Tex. App.—San Antonio 2013, orig. proceeding).

Here, the trial court's December 18, 2020 "Order Adjudicating Parentage" provided Mach with "the exclusive right to designate the primary residence of the child within Matagorda County, Texas[,] and counties contiguous to Matagorda County, Texas." The March 6, 2022 order "restates" an oral order suspending that order. Thus, under the order at issue in this original proceeding, Mach is no longer the party with the exclusive right to designate the primary residence of C.E.R. As such, the March 6, 2022 order changes the designation of the person with the exclusive right to designate C.E.R.'s primary residence. *See In re Sanchez*, 228 S.W.3d at 218, *In re Levay*, 179 S.W.3d at 96–97; *In re Ostrofsky*, 112 S.W.3d at 929.

Having held that the orders granting "extraordinary relief" "effectively change the designation of the person with the exclusive right to designate primary residence under the final order," we conclude that Texas Family Code § 156.006 applies to these facts. Thus, we turn to the issue of whether the trial court abused its discretion in the manner in which it applied § 156.006. *See* TEX. FAM. CODE ANN. § 156.006.

In his first issue, Mach contends that the trial court erred in changing the person with the exclusive right to determine the primary residence of C.E.R. in the absence of pleadings requesting such relief. Based on our review of the record, K.R. had expressly requested this relief in her Motion to Modify Parent-Child Relationship. In her motion, K.R. "request[ed] that she be appointed as the person who has the right to designate the

primary residence of the child." Thus, K.R.'s pleadings requested this relief. We overrule Mach's first issue.

We next focus on Mach's contention that the trial court's temporary order was issued in an off-record, non-evidentiary hearing conducted without proper notice. The order at issue was signed after a hearing was held on an "emergency" basis following an ex parte contact made by K.R. to the trial court. Mach alleges, and K.R. does not dispute, that the court coordinator called relator's counsel on Sunday, March 6, 2022, to convene an emergency hearing immediately. Mach's counsel was unable to reach Mach prior to the hearing, and "within minutes, an off-record discussion" took place between the trial court, the amicus, the parties' attorneys, and K.R. Based on our review of the record, it is undisputed that the hearing was conducted without the notice contemplated by the rules of civil procedure or the Texas Family Code, and the hearing was not evidentiary in nature.

Appellate courts, including our own, have repeatedly addressed whether the trial court erred at the various stages contemplated by § 156.006, that is, by setting a motion for hearing in the absence of an affidavit, or setting a motion for hearing based on an insufficient affidavit, or by concluding that there was sufficient evidence to meet the statutory burden after a hearing has been held. *See* TEX. FAM. CODE ANN. § 156.006(b)(1), (b-1); *In re Walser*, 2021 WL 4296048, at *4, __ S.W.3d at __ (concluding that the trial court abused its discretion by setting a hearing based on an insufficient affidavit and further abused its discretion by granting a temporary order when "no evidence" supported the statutory finding); *In re L.A.-K.*, 596 S.W.3d 387, 403 (Tex. App.—El Paso 2020, no

11

pet.) (concluding that the movant was not entitled to a hearing in the absence of an affidavit or sworn facts adequate to support any of the statutory allegations); *In re B.L.R.*, 592 S.W.3d 453, 464–65 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (stating that the trial court was required to refuse to schedule a hearing for modification and to deny relief in the absence of a factually sufficient affidavit); *In re Davila*, 510 S.W.3d at 458 (concluding that the trial court abused its discretion "by failing to apply the test set out in [§] 156.006, and make a finding as to the child's present circumstances impairing his physical health and emotional development").

However, we need not reach any of these issues here because the record shows that the trial court did not hold a hearing, as required by § 156.006(b-1), before entering the order challenged in this original proceeding. *See* TEX. FAM. CODE ANN. § 156.006(b-1) ("If the court determines that the facts stated [in the affidavit requesting an order under § 156.006(b)(1)] are adequate to support the allegation, the court shall set a time and place for the hearing."); *see also In re Browning*, No. 01-21-00248-CV, 2021 WL 2096658, at *3 (Tex. App.—Houston [1st Dist.] May 24, 2021, orig. proceeding) (mem. op.) ("Because the temporary orders of the trial court granting 'extraordinary relief' have the effect of depriving Browning of her right to determine the children's primary residence, and the trial court did not afford Browning a hearing before doing so, we conditionally grant Browning's petition and direct the trial court to withdraw the portions of its May 6, 2021 that grant 'extraordinary relief.'"). There is no provision in § 156.006 that permits "an order that has the effect of . . . changing the designation of the person who has the exclusive right to designate the primary residence of the child" to be issued without notice

12

and hearing. *See* TEX. FAM. CODE ANN. § 156.006(b-1); *see also In re Browning*, 2021 WL 2096658, at *3.

Here, the trial court held an "emergency" hearing on a Sunday with virtually no notice to the parties. Based on the record, K.R. had initiated the hearing by contacting the trial court directly, and K.R. appeared and spoke at the hearing. In contrast, although Mach's counsel was present, Mach's counsel was unable to contact Mach prior to the hearing, and Mach did not personally appear at the hearing. Without notice and hearing, Mach's counsel was unable to effectively present Mach's position, and Mach was deprived of the right to be present, voice objections, and present evidence. Accordingly, we sustain Mach's second issue.

## V.     CONCLUSION

Texas Family Code § 156.006(b) precludes a trial court from issuing a temporary order "that has the effect of creating a designation, or changing the designation, of the person who has the exclusive right to designate the primary residence of the child, or the effect of creating a geographic area, or changing or eliminating the geographic area, within which a conservator must maintain the child's primary residence" in the absence of notice and a hearing. *See* TEX. FAM. CODE ANN. § 156.006(b-1). We are bound to follow the Legislature's express limitations on the trial court's ability to create or change the designation of the parent with the right to determine the child's residency to a limited set of circumstances. *See id.* Thus, the trial court abused its discretion by issuing the March 6, 2022 order which divested Mach of "the exclusive right to designate the primary residence of the child within Matagorda County, Texas[,] and counties contiguous to

13

Matagorda County, Texas," in the absence of the statutory prerequisites for such a change.

The Court, having examined and fully considered the petition for writ of mandamus, the responses, and the applicable law, is of the opinion that Mach has met his burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus and direct the trial court to vacate its temporary order of March 6, 2022. We are confident that the trial court will promptly comply, and our writ will issue only if the trial court fails to do so.

NORA L. LONGORIA
Justice

Delivered and filed on the
3rd day of May, 2022.

14